978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ronnie RANDALL, Appellant,
v.
Don WORTHY, Sheriff, Hempstead County, Arkansas, Appellee.
 No. 92-1658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 5, 1992.
Filed: November 9, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronnie Randall, an Arkansas inmate, appeals from the District Court's[1] dismissal of his action brought under 42 U.S.C. § 1983 (1988), following an evidentiary hearing held by the Magistrate Judge[2] pursuant to 28 U.S.C. § 636(b)(1)(B) (1988). We affirm.
 
 
 2
 Randall pleaded guilty to drug charges in December 1989. He was housed in Hempstead County Jail from October 1989 until his transfer to prison in February 1990. In October 1991, Randall brought this action against Don Worthy, Sheriff of Hempstead County, claiming that jail conditions had violated his constitutional rights. After Worthy answered the complaint, Randall filed a motion to compel Worthy to comply with his request for production of documents; no ruling on the motion was issued. The Magistrate Judge subsequently conducted a hearing; when she asked Randall if he was ready to go forward on his claims, he answered, "Yes, I feel that I'm ready today." (Tr. at 4.) The Magistrate Judge then heard the testimony of Randall, of Worthy, and of the chief jailer.
 
 
 3
 In a lengthy report recommending entry of judgment for Worthy, the Magistrate Judge determined that the jail conditions did not violate Randall's due process rights as a pretrial detainee, see Bell v. Wolfish, 441 U.S. 520, 535 (1979), or his Eighth Amendment rights as a convicted prisoner, see Hutto v. Finney, 437 U.S. 678, 685 (1978). After a de novo review, the District Court adopted the report and dismissed the complaint. On appeal, Randall argues that the District Court erred by not ordering Worthy to comply with his discovery requests, and by dismissing the action.
 
 
 4
 The findings of fact proposed by the Magistrate Judge and adopted by the District Court are not to be set aside absent clear error. Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). After careful review of the hearing transcript, we determine that these findings are not clearly erroneous. We note that Randall indicated at the hearing that he was ready to go forward on his claims. Thus, he cannot now contend that he was prejudiced by proceeding without necessary documents.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas